UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BYRON BELTON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:16 CV 220 CDP |
| | ) |
| COMBE INCORPORATED, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Plaintiffs allege that they were exposed to the chemical p-Phenylenediamine (PPD) during their use of defendants'[1] "Just for Men" hair coloring product. As a result of the exposure, plaintiffs assert they may have developed a sensitivity to PPD. Plaintiffs allege defendants' conduct[2] was tortious and have brought a claim for "medical monitoring," asking that defendants be required to create a monetary fund to compensate plaintiffs for expenses associated with testing to determine whether plaintiffs have developed a PPD allergy. Before me now is defendants' motion to dismiss plaintiffs' claim. After careful consideration, I conclude that although plaintiffs have pled facts sufficient to demonstrate Article III standing,

---

[1] Defendants are Combe Incorporated; Combe Products, Inc.; Combe Laboratories, Inc.; and Combe International Ltd.

[2] Plaintiffs allege defendants were involved in the design, development, manufacturing, testing, packaging, promoting, marketing, distribution, labeling, and sale of the Just for Men hair coloring product. The complaint does not pinpoint which of these actions plaintiff is claiming were tortious.

medical monitoring is not an independent cause of action under Missouri law, and plaintiffs' complaint will be dismissed for failure to state a claim.

## Article III Standing

Dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure is appropriate if the party asserting jurisdiction has failed to satisfy a threshold jurisdictional requirement. *See Herden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013). The court has no subject matter jurisdiction over a case in which the litigant lacks Article III standing. *Iowa League of Cities v. E.P.A.*, 711 F.3d 844, 869 (8th Cir. 2013). The plaintiff bears the burden of establishing standing. *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2342 (2014) (party invoking federal jurisdiction has burden of proving standing).[3] "To establish Article III standing, a plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *Id*. at 2341 (quotation marks and citation omitted). When determining whether to dismiss "a complaint for lack of standing," a court is to "constru[e] the allegations of the complaint, and the reasonable inferences drawn therefrom, most favorably to the plaintiff." *Glickert*

---

[3] More specifically, "[t]he party seeking judicial review bears the burden of persuasion and must support each element 'with the manner and degree of evidence required at the successive stages of litigation.'" *Iowa League of Cities,* 711 F.3d at 869.

*v. Loop Trolley Trasnp. Developmen Dist.*, 792 F.3d 876, 880 (8th Cir. 2015)(quotation marks and citations omitted).

The dispute here concerns the injury-in-fact requirement of Article III standing. Defendants argue that plaintiffs have not suffered any injury. Specifically, plaintiffs admit they have not suffered an adverse physical reaction from the Just for Men product and cannot claim an economic loss related to their purchase because they successfully used it. Defendants also assert that plaintiffs are not at risk of having an adverse reaction at all in the future unless they are further exposed to PPD, and a hypothetical future exposure and possible future injury are not sufficient for standing.

In their response to defendants' motion, plaintiffs argue they have suffered the "concrete injury" of "potential hypersensitivity to PPD." (ECF# 12, p. 6). In their complaint, plaintiffs claim that although they suffered no adverse reactions during previous uses of Just for Men, their exposure to the product has "subjected them to a significant risk of sensitization to PPD and other related chemicals and other related illnesses in the future." (ECF #1, ¶ 123 ). Plaintiffs claim that they will require ongoing diagnostic testing to determine whether their exposure to Just for Men has caused PPD sensitization. (*Id.* at ¶ 126).

"An injury sufficient to satisfy Article III must be concrete and particularized and actual or imminent, not conjectural or hypothetical." *Driehaus*,

134 S. Ct. at 2341 (quotation marks and citation omitted). However, courts that have addressed claims seeking medical monitoring damages have found that a purported increased risk of harm is sufficient to satisfy the injury requirement for Article III standing. *See, e.g., Sutton v. St. Jude Medical S.C., Inc.*, 419 F.3d 568 (6th Cir. 2005); *Riva v. Pepsico, Inc.*, 82 F. Supp. 3d 1045, 1052 (N.D. Cal. 2015); *Bouldry v. C.R. Bard, Inc.*, 909 F. Supp. 2d 1371, 1375 (S.D. Fla. 2012). Here, plaintiffs claim that defendants' product has caused them to have an increased risk of hypersensitivity to PPD, and they have alleged specific facts to support their allegation that that hypersensitivity to PPD can be a dangerous medical condition. For purposes of evaluating Article III injury-in-fact sufficiency at the pleading stage, I conclude that this is enough. *See Hutterville Hutterian Brethren, Inc. v. Sveen*, 776 F.3d 547, 553 (8th Cir. 2015) (where a "case has progressed only to the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice" for purposes of Article III standing)(quotation marks and citations omitted).

**Failure to State a Claim**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the court assumes the factual allegations of a complaint are true and construes them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).

Rule 8(a)(2), Fed. R. Civ. P., provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corp. v. Twombly*, the Supreme Court clarified that Rule 8(a)(2) requires complaints to contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." 550 U.S. 544, 555 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Specifically, to survive a motion to dismiss, a complaint must contain enough factual allegations, accepted as true, to state a claim for relief "that is plausible on its face." *Twombly*, 550 U.S. at 570. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *See Neitzke*, 490 U.S. at 327.

Defendants argue that plaintiffs' complaint must be dismissed because their only claim is for medical monitoring and Missouri courts do not recognize stand-alone claims of medical monitoring. Plaintiffs have responded that Missouri courts do recognize stand-alone medical monitoring claims. Both sides rely on the same Missouri Supreme Court case to support their argument. *See Meyer ex. rel. Coplin*, 220 S.W.3d 712 (Mo. 2007). In *Meyer*, the plaintiff asserted she was a member of a class of children who had been exposed to toxic emissions from a lead smelter. The Missouri Supreme Court noted that plaintiff "alleged claims of negligence, strict liability, private nuisance, and trespass as theories of liability and sought

compensatory damages to establish a medical monitoring program for class members." *Id*. at 714. In considering the parameters of a medical monitoring claim, the court explicitly opined that recognizing "the need for future medical monitoring does not create a new tort." *Id*. at 717. Rather, medical monitoring is "a compensable item of damage when liability is established under traditional tort theories of recovery." *Id*. Accordingly, here, plaintiffs cannot stand on a claim of medical monitoring alone. They are required to properly plead a traditional tort cause of action and seek medical monitoring as a remedy. Plaintiffs have accurately argued that their complaint is rife with allegations of tortious conduct committed by defendants. However, plaintiffs' complaint still fails to indicate what theories of liability they are asserting. The complaint makes no attempt to allege the elements of any recognizable tort. Without this rudimentary component, it would be nearly impossible for defendant to answer the complaint, conduct efficient discovery, or analyze the merits of plaintiffs' lawsuit. A pleading "must… provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs' complaint here fails to do so.

In the last sentence of their opposition to the motion to dismiss, plaintiffs asked that they be given leave to file an amended complaint should their existing

pleading be found deficient. "Although leave to amend shall be freely given when justice so requires, plaintiffs do not have an absolute or automatic right to amend." *In re 2007 Novastar Financial Inc., Securities Litigation*, 579 F.3d 878, 884 (8th Cir. 2009). In order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion to amend. *Id.* (quoting *Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir. 1985). Here, plaintiffs have not filed a motion to amend, submitted a proposed amended complaint, or given any explanation as to how they would amend their pleading to save their claim. In light of this, I will not provide plaintiffs leave to file an amended complaint. *See Novastar,* 579 F.3d at 885 ("the [court] is not required to engage in a guessing game as a result of the plaintiff's failure to specify proposed new allegations") (quoting *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 914 (8th Cir. 2002)).

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss is **GRANTED**, and plaintiff's complaint is dismissed for failure to state a claim.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of November, 2016.